IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TIFFANY COOK, § | |
| MATTHEW BOATRIGHT, and § | |
| AMBER BRANHAM, § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | CASE NO. _____ |
| § | |
| METROPOLITAN AREA EMS § | |
| AUTHORITY d/b/a MEDSTAR § | |
| MOBILE HEALTHCARE, § | |
| § | |
| Defendant. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Tiffany Cook, Matthew Boatright, and Amber Branham ("Plaintiffs"), by way of this Complaint against Defendant Metropolitan Area EMS Authority d/b/a MedStar Mobile Healthcare ("Defendant" or "MedStar") states and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action under the Family Medical Leave Act, 29 U.S.C. Section 2601, et seq. (hereinafter "FMLA"), as amended, and the Americans With Disabilities Act ("ADA"), 29 U.S.C. Section 12101 et seq., as amended.

2.  Ms. Cook, Mr. Boatright, and Ms. Branham sue to redress the legal and equitable wrongs they suffered as a result of Defendant's retaliatory termination of their employment solely on the basis of their utilization of FMLA leave and their collective disabilities. As discussed in more detail below, Defendant used Plaintiffs' medical conditions as a pretext for their termination despite them being high performing employees with positive performance evaluations and no history of corrective actions.

## JURISDICTION AND VENUE

3. This action is authorized and instituted pursuant to 29 U.S.C. Section 2601, et seq., and 29 U.S.C. Section 12101 et seq. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1337.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Fort Worth Division.

## PARTIES

5. Plaintiff Tiffany Cook is a natural person residing in Tarrant County, Texas.

6. Plaintiff Matthew Boatright is a natural person residing in Ellis County, Texas.

7. Plaintiff Amber Branham is a natural person residing in Ellis County, Texas.

8. Defendant Metropolitan Area EMS Authority d/b/a MedStar Mobile Healthcare is a governmental entity and may be served through the Texas Secretary of State at the following address: James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

## FACTUAL ALLEGATIONS

9. Plaintiffs all worked for MedStar as emergency medical technicians on ambulances. Plaintiffs Branham and Cook were both Advanced Healthcare providers while Plaintiff Boatright was a Basic Healthcare provider.

10. Plaintiffs were each suffering from various conditions that required intermittent FMLA leave during their tenure with Medstar.

11. For a period of time, MedStar accommodated and respected Plaintiffs' requests for intermittent get well and heal from the stresses and rigors of providing emergency services, and each time Plaintiffs would return back to work fully capable of performing their full job duties.

12. FMLA requests were honored by MedStar until MedStar perceived that people were abusing FMLA and causing staffing shortages for the company. Leila Peeples then took over the administration of MedStar's FMLA policy. At this time, multiple new policies were implemented which led to conflicting and inconsistent guidelines and information.

13. Eventually Plaintiffs were singled out and advised that they needed to engage in interactive process under the ADA.

14. Plaintiffs, upon completion of the interactive process with the ADA, were informed that the accommodations suggested through the process precluded them from meeting the essential job functions of their respective positions as Advanced and Basic Healthcare providers. However, despite MedStar's assertions, the forms completed by Plaintiffs through the interactive process with the ADA did not state that they could not meet essential requirements of their job duties.

15. MedStar only used the information in the interactive process with the ADA as a pretext to terminate Plaintiffs in violation of the FMLA and the ADA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Plaintiffs have met all procedural prerequisites of bringing this action against MedStar for violations of the FMLA and ADA. Plaintiffs each filed their charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiffs received a Right to Sue Letter form the EEOC on July 31, 2020. Further, Plaintiffs are within all applicable statutes of limitations for bringing this civil action. Thus, all conditions precedent to filing this action have been met.

## CAUSES OF ACTION

**Count One:** Violations of the FMLA

17. Plaintiffs incorporate all allegations contained in the preceding paragraphs.

18. By the conduct alleged herein, MedStar engaged in unlawful practices in violation of the FMLA.

19. MedStar interfered with the Plaintiffs' rights under the FMLA and retaliated against them by terminating them from their positions based on their lawful requests under the FMLA.

20. The effect of the practices complained of herein has caused Plaintiffs' damages by way of loss of wages and benefits, and other pecuniary compensatory damages they have suffered in the past, and in reasonable probability, will suffer in the future, all in an amount in excess of the minimum jurisdictional requirements of this court.

21. The unlawful practices complained of herein were intentional.

22. The unlawful employment practices complained of herein were intentional or done with malice or reckless indifference to Plaintiffs' federally protected rights, and Plaintiffs seek liquidated damages as provided by the FMLA.

**Count Two: Violations of the ADA**

23. Plaintiffs incorporate all allegations contained in the preceding paragraphs.

24. MedStar engaged in unlawful employment practices in violation of the ADA by terminating Plaintiffs' employment on the basis of their disability and claiming that their individual disabilities precluded them from performing essential job duties. MedStar used Plaintiffs "disabilities" as a pretext to terminate Plaintiffs and subject Plaintiffs to adverse employment actions.

25. The effect of the practices complained of herein has caused Plaintiffs' damages by way of loss of wages and benefits, and other pecuniary compensatory damages they have suffered in the past, and in reasonable probability, will suffer in the future, all in an amount in excess of the minimum jurisdictional requirements of this court.

### ATTORNEYS' FEES

26. Plaintiffs request the court award a reasonable fee, pursuant to the FMLA and ADA for their attorneys' fees for their attorneys' services rendered and to be rendered herein, as well as

expenses and court costs, both at the trial court level and in the event of subsequent appeals, including to the Supreme Court.

## JURY DEMAND

27. Plaintiffs demand a trial by jury for all of the issues a jury may properly decide, and for all of the requested relief that jury may award.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for:

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Tiffany Cook, Matthew Boatright, and Amber Branham, request that Defendant Metropolitan Area EMS Authority d/b/a MedStar Mobile Healthcare be cited to appear herein, and that on final trial, Plaintiffs have judgment against Defendant as follows:

A. Plaintiffs' actual damages, including lost wages and benefits (both back pay and front pay);

B. Compensatory and exemplary damages for the maximum amount allowed by law;

C. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

D. Costs of suit, including attorney's fees;

E. The award of such other and further relief, both at law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

**SCHEEF & STONE, LLP**

By: _____
    **BRANDI J. MCKAY**
    State Bar No. 24075380
    brandi.mckay@solidcounsel.com
    **JONATHAN STRAIN**
    State Bar No. 24070689
    jon.strain@solidcounsel.com

2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 Telephone
(214) 472-2150 Telecopier

**ATTORNEYS FOR PLAINTIFF**